[No. 19513.   In Bank.—January 2, 1895.]

IN THE MATTER OF THE ESTATE OF HENRY S. BURTON, DECEASED.   ELIZABETH LULL COCHRANE ET AL., APPELLANTS, *v.* HENRY H. BURTON, ADMINISTRATOR, ETC., ET AL., RESPONDENTS.

ESTATES OF DECEASED PERSONS—SALE OF REALTY—CONFIRMATION—MARKET VALUE—EFFECT OF LITIGATION.—If the real estate of a deceased person has been sold by order of the court upon due notice at public auction, and the sale was fairly made and legally conducted, and the sum bid was not disproportionate to the value of the property at the time of the sale, and no sum exceeding the bid could be obtained in case a new sale were had, and no offer of any kind in excess of the bid has been made to the court, the confirmation of the sale cannot be properly objected to by the heirs upon the ground that they had commenced litigation concerning the property, and had notified purchasers at the sale that they were purchasing a lawsuit, and that if it were not for the lawsuit the market value of the property would have been a sum largely in excess of the amount bid.

ID.—FINDINGS—VALUE OF PROPERTY—CONTINGENCY.—If the court finds that the sum bid was not disproportionate to the value of the property, and was its full market value, and that no larger sum could be obtained at a new sale, and that no offer was made for an increased bid, a finding that the market value would have been a much larger sum if it had not been for the doubt and uncertainty caused by the litigation

CV. CAL.—23

is in no sense a finding that the market value was, at the time of the
sale, a much larger sum, and is no finding of value at all.

ID. — REASONS FOR DEPRECIATION IN MARKET VALUE — JUDGMENT OF
  COURT—PRESENT VALUE.—The reasons for the depreciation in the
  market value of property, or for the present market value, are imma-
  terial, and cannot control the court in its judgment as to whether or
  not a sale should be made, but the present value of the land is the
  important and controlling element in the case.

APPEAL from an order of the Superior Court of San
Diego County confirming the sale of real estate and
from an order denying a new trial.

The facts are stated in the opinion of the court.

*J. M. Nougues,* and *W. T. McNealy,* for Appellants.

*E. Parker, Haines & Ward,* and *McDonald & McDonald,*
for Respondents.

GAROUTTE, J.—This is an appeal from an order of
the superior court of San Diego county, made and
entered on the twenty-second day of March, 1894, con-
firming the sale of the Rancho Jamul, made by the
respondent Henry H. Burton, as administrator of the
estate of Henry S. Burton, deceased, to the respondent
J. Wade McDonald, on the twenty-fourth day of Feb-
ruary, 1894. The objections to the confirmation of the
sale were made by the heirs of the deceased, and they
now prosecute this appeal. For a reversal of the judg-
ment they rely upon the claim that the sum bid, and for
which the sale was made and confirmed, was dispropor-
tionate to the value of the land sold.

Upon the hearing of the application for confirmation,
and the objections thereto, the court took testimony and
made findings of fact to the following effect: 1. That,
after due notice given, said property was sold at public
auction at the courthouse door, in the city of San Diego,
for the sum of thirty-eight thousand dollars; 2. That
said sale was in all respects fairly and legally con-
ducted and made, and that said sum bid was not dispro-
portionate to the value of the property; 3. That no sum

exceeding such bid ten per cent, or exceeding said bid in any sum or amount whatsoever, can be obtained if a new sale was had, and no offer of any kind in excess of the aforesaid bid has been made to the court; 4. "That prior to said sale, and at the time thereof, the said objectors to the confirmation of said sale had by the commencement of certain litigation in respect of said property and the previous orders of this court with reference thereto, and which litigation is still pending and undetermined, and by public threats of further litigation, and notification publicly made at the time and place of said sale that any purchaser of said land at the same time would 'purchase a lawsuit,' and other declarations of like character and effect, created such a feeling of distrust and uncertainty as to the title that any purchaser of said property at said sale should or might acquire thereto by virtue of said sale and the confirmation thereof by this court, and the execution and delivery of an administrator's deed for said property, that the said sum of thirty-eight thousand dollars so bid by the said J. Wade McDonald therefor was and is the full market value of said property, although but for such feeling of doubt and uncertainty, so created by said objectors, the market value of said property would then and there have been the sum of eighty thousand dollars, or thereabouts, as claimed by said objectors."

In the face of these findings the judgment must be affirmed, for every element of a probate sale necessary to make it binding and legal is present. We see no course that the trial court could have pursued other than the one taken. The debts of the estate must be paid, and there does not appear, either by the record or by appellants' briefs, to be even a prospect of securing a more advantageous offer if a new sale were ordered. The sale was legally made; it was a public sale; the amount bid was not disproportionate to the value of the property; no increased offer was subsequently made to the court prior to confirmation, and it was the full market value of the property. Upon such a

state of facts there was but one thing for the court to do, and that was to confirm the sale.

In finding four the court declares that if it had not been for certain things the market value of the property would have been eighty thousand dollars. This finding is in no sense a statement that the market value was at the time of the sale eighty thousand dollars. It is no finding of value at all. The court may as well have said that if the tract was highly cultivated its market value would be eighty thousand dollars, or, if land in San Diego county was selling at the boom prices of a few years ago, the market value of this property would be eighty thousand dollars. The reasons for the depreciation in the market value, or for the present market value, in no way control a court in its judgment as to whether or not a sale should be made. The reasons for the present market value are alike immaterial, whether they be good or bad. It is the fact with which the administrator and the court have to deal, and the reasons for the existence of the fact are matters of minor importance and hardly incidental to the investigation going on.

In conclusion it is sufficient to say that this finding of a conditional fact is not equivalent to a statement of the present value of the land, and the present value of the land is the important and controlling element of the case.

For the foregoing reasons the judgment and order are affirmed.

Van Fleet, J., Harrison, J., Fitzgerald, J., and McFarland, J., concurred.